JOHNSON, J.,
concurs in part, and dissents in part.
hi concur in the majority’s finding that nurse practitioners are included in LSA- *51 R.S. 40:1299.41(A)(10), and are therefore “health care providers,” covered by the Medical Malpractice Act. I also agree with the court’s award of judicial interest.
I respectfully dissent from the majority’s conclusion that the State met its burden of proof in establishing that the $500,000.00 cap on general damages in medical malpractice cases is still constitutional.
When medical malpractice legislation was enacted in 1975 to address the crisis in health care, the State was required to articulate a rational basis for limiting a citizen’s right to recover the full measure of damages for a negligent or grossly negligent medical injury. In Sibley v. Board of Supervisors of Louisiana State University, 477 So.2d 1094 (La.1985), we held that the State showed that a legitimate state objective was furthered by this limitation.
| ¡When we last visited the cap on general damages for medical malpractice in Butler v. Flint Goodrich Hospital of Dillard University, 607 So.2d 517 (La.1992), cert. denied, 508 U.S. 909, 113 S.Ct. 2338, 124 L.Ed.2d 249 (1993), this Court was satisfied that the evidence showed the cap’s monetary limit would combat the rising cost of insurance premiums for health care providers and avert a health care crisis in Louisiana. Twenty years after Butler, supra, this Court has a responsibility to revisit this issue, and ask whether the empirical data provided by the State supports its position, and meets its burden of proof that this limitation on damages is still required, or has averted a health care crisis in Louisiana.
Louisiana has one of the most stringent caps in the nation. Economists agree that a $500,000.00 award for general damages in 1975 is comparable to less than $125,000.00 in today’s dollars.
At the Sibley hearing, the State presented no evidence that the cap has resulted in a reduction in insurance premiums for health care providers, and no evidence of improved access to health care for citizens. In short, the economic factors presented to justify the cap have not been realized. In my view, the State failed in its burden of proof, and I would now declare the cap unconstitutional.